

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

April 6, 1939.

Mr. Gilbert Smith
County Attorney
Jones County
Anson, Texas

Dear Sir:

Opinion No. 0-582
Re: Can a citizen of Anson hold
both the offices of Mayor
and Justice of the Peace of
Precinct One of Jones County?

Your request for an opinion on the above
stated question has been received by this office.

Article 16, Section 40 of the Texas Constitu-
tion, reads, in part, as follows:

"No person shall hold or exercise, at
the same time, more than one Civil Office
of emolument, except that of Justice of
Peace, County Commissioner, Notary Public,
and ..."

In the case, Caal vs. To........... SW 365,
Judge Gaines in this opinion seems to lay down the ori-
ginal interpretation of Article 16, Section 40 of the
Constitution, and used the following language:

"Any of the offices named in the excep-
tion may be held with any other office, whe-
ther named in the exception or not."

By the laws of the State of Texas, constitu-
tional and statutory, a person is prohibited from hold-
ing more than one civil office of emolument. (Art. 16,
Sec. 40 of the State Constitution) excepting certain
offices of which that of the justice of the peace is
one. However, our courts have gone further and have

extended the rule that even where there is a specific exception to the rule of more than one office of emolument as in this case, or where an office does not pay for its services to the holder thereof, that where a person seeks to hold more than one civil office and the duties of the two offices are incompatible, that such a person cannot hold both offices, and the acceptance of the latter, or later in point of time, is considered a vacancy or resignation of the office formerly held.

Applying these rules, the courts have held in case of Luera vs. State, 63 SW 2nd 699 that the justice of the peace can also be a recorder in the Corporation Court of the city as Article 16, Section 40 of the State Constitution does not apply to justices of the peace and the duties of the two offices are not incompatible one to the other. Even though the two offices in the inquiry at hand, mayor of the City of Anson and justice of the peace of precinct No. One of Jones County, Texas, may be both civil offices of emolument yet this provision of the Constitution does not apply to justices of the peace, where one person could hold both offices unless the duties of the same were incompatible one to the other.

Though the line which distinguishes compatible and incompatible duties of separate offices is sometimes dim and difficult to distinguish yet we are of the opinion that the two offices of mayor and justice of the peace are not incompatible one to the other and that the same person can hold both offices at the same time.

Offices are incompatible where their duties are or may be inconsistent or conflicting, but not where their duties are wholly unrelated, or in no manner inconsistent and are never in conflict, and where neither officer is accountable or under the dominion of, or subordinate to, the other, or has any right or power to interfere with the other in the performance of any duty. State vs. Martin, 51 SW 2nd 815, Kugle vs. Glenrose Independent School District, 50 SW 2nd 375, Thomas vs. Abernathy County Line Independent School District, 290 SW 152, Tex. Jur.

Vol. 34, page 351.

In view of the foregoing authorities, you are respectfully advised that it is the opinion of this Department that a citizen of Anson can hold both the offices of mayor and justice of the peace of precinct one of Jones County at the same time.

Trusting that the foregoing answers your inquiry, we remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistnat

AW:AW

APPROVED:

ATTORNEY GENERAL OF TEXAS